Cherry, J.,
concurring:
I concur in the majority opinion that the district court erred when it denied a motion to sever appellant John Douglas Chartier’s trial from his codefendent, David Wilcox. I would also hold that the district court erred when it denied Chartier’s motion for a mistrial based on the misconduct of Wilcox’s counsel.
Because the law on the misconduct of a codefendant’s counsel is undeveloped, I take this opportunity to state that I believe that misconduct by codefendant’s counsel that so infects the proceedings with unfairness results in a denial of due process and should be grounds for reversal. I conclude that such misconduct occurred here by Wilcox’s counsel.
Chartier claims that the district court abused its discretion by denying his motion for a mistrial based on the closing argument of Wilcox’s counsel. Chartier contends that Wilcox’s counsel made an outrageous closing argument based on unsupported evidence, amounting to unsworn testimony not subject to cross-examination, and therefore, the district court should have declared a mistrial. I agree. This court has held that we review the denial of a motion for a mistrial for abuse of discretion and “will not reverse the district court’s decision ‘absent a clear showing of abuse.’ ”[1]
Although this court has not articulated a standard for misconduct of codefendant’s counsel, I believe this court should adopt the standard articulated in the California Court of Appeal’s decision in People v. Estrada, which found that a pattern of misconduct by codefendant’s counsel may, when taken as a whole, rise to the level of so infecting the proceedings with unfairness as to warrant a new trial.[2]
In Estrada, the California Court of Appeal found that the misconduct of codefendant’s counsel infected the proceedings with unfairness based on many instances of misconduct over the course of the proceedings, including statements seeking to admit evidence *769 deemed inadmissible and counsel’s own belief of Estrada’s guilt.[3] In its opinion reversing Estrada’s conviction, the California Court of Appeal stated that “[w]hen the misconduct is part of a pattern, when the misconduct is subtle and when multiple objections and requests for mistrial [were] made, ... it [is] proper for a reviewing court to consider the cited misconduct in evaluating the pattern of impropriety.”[4]
Attorney conduct is governed by the Nevada Rules of Professional Conduct (RPC). RPC 3.4(e) states in pertinent part that no lawyer shall “allude to any matter that . . . [is] not. . . supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness . . . or the guilt or innocence of an accused.”
Chartier cites to several instances during closing argument where Wilcox’s counsel made statements that were unsupported by evidence or were unreasonable inferences. Those instances included statements that (1) Chartier was unequivocally present at the murders, (2) Chartier wielded a knife, and (3) an argument occurred between Bernat and Chartier at the scene of the crime. These instances were all without evidentiary support and implied that Wilcox had information about Chartier’s involvement that he was unable to present at trial.
Because counsel’s statements were not supported by evidence and the statements implied that Wilcox’s counsel had personal knowledge of facts not presented at trial, I conclude that counsel committed misconduct and violated RPC 3.4. Additionally, because Chartier was ordered to make his closing argument first, denied the opportunity to present a rebuttal argument, and unable to cross-examine Wilcox’s counsel, or have the error cured by the court, the statements were highly prejudicial and so infected the proceedings with prejudice as to violate Chartier’s right to due process. Therefore, I conclude that the district court abused its discretion by denying Chartier’s motion for a mistrial.
Accordingly, I conclude that through the misconduct of Wilcox’s counsel, Chartier’s convictions must be reversed. I therefore concur to reverse the judgment of conviction and remand to the district court for further proceedings consistent with this opinion.

 Rose v. State, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007) (quoting Ledbetter v. State, 122 Nev. 252, 264, 129 P.3d 671, 680 (2006)).

 75 Cal. Rptr. 2d 17, 20 (Ct. App. 1998).

Id. at 20-27.

Id. at 23.